UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MOHAMMED ABDALLAH OMRAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:16-cv-00005-DBH |
| | ) |
| JOSEPH LAPLANTE, *et al.*, | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION UPON SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)**

In his complaint, Plaintiff Mohammed Abdallah Omran, who is currently detained in Louisiana in connection with deportation proceedings, alleges that the Defendants, Judge Joseph LaPlante, Assistant United States Attorney Michael Gunnison, and members of the New Hampshire Attorney Discipline Office, conspired to deprive Plaintiff of his civil rights in connection with the federal criminal proceeding filed against him in this Court. *See United States v. Abdallah*, No. 1:12-cr-00117 (D.N.H.).

Plaintiff requested leave to proceed in forma pauperis (Motion to Proceed In Forma Pauperis, ECF No. 3), which request was granted on May 3, 2016. (ECF No. 16.) Upon review of Plaintiff's complaint pursuant to § 1915(e), I recommend the Court dismiss the case without service of process.

BACKGROUND

On two prior occasions, Plaintiff filed the same or similar actions against Defendants. *See Abdallah Omran v. Assistant United States Attorney*, No. 1:15-cv-00406 (D.N.H.) (ECF No. 13); *Abdallah Omran v. United States*, No. 1:14-cv-00505 (D.N.H.) (ECF No. 14). In both prior

actions, the Court granted Plaintiff leave to proceed in forma pauperis, but, following the screening

required under 28 U.S.C. § 1915, dismissed the actions because Plaintiff failed to state an

actionable claim.  With this latest filing, Plaintiff attempts to reassert claims against Defendants

that the Court previously screened for failure to state a claim.

### DISCUSSION

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time

if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a

claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915]

are often made sua sponte prior to the issuance of process, so as to spare prospective defendants

the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319,

324 (1989).

When considering whether a complaint states a claim for which relief may be granted,

courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all

reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir.

2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the

complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s]

dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'"  *Rodríguez–*

*Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly*, 550 U.S. at 569 n.

14).  Although a pro se plaintiff's complaint is subject to "less stringent standards than formal

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not

consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young*

*v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

A review of Plaintiff's complaint reveals that he is attempting to assert in this action the same claims he asserted against Defendants in case number 1:14-cv-00505 and in case number 1:15-cv-00406. [1]  In contrast to his earlier cases, in this action Plaintiff more specifically alleges that Defendants LaPlante and AUSA Gunnison deprived him of equal protection and due process of law because they learned in the course of the criminal proceeding that Plaintiff instructed his counsel not to file a motion to dismiss on his behalf, and that Plaintiff's counsel nevertheless filed the motion.  According to Plaintiff, Defendants LaPlante and Gunnison breached a duty to Plaintiff to take action against Plaintiff's counsel, such as reporting counsel to the Attorney Discipline Office.  Plaintiff alleges Defendants LaPlante and Gunnison failed to take action because of Plaintiff's ethnicity and nationality.  (Complaint ¶¶ 14 – 15.)

As to the Attorney Discipline Office Defendants, Plaintiff alleges they failed to investigate his misconduct charge against his counsel because of Plaintiff's ethnicity and national origin.  (*Id.* ¶ 16.)  Plaintiff further asserts that Defendants participated in a conspiracy to deprive him of his rights to due process, effective assistance of counsel, and equal protection.

Plaintiff also alleges that Defendants' failure to fulfill the alleged duty was in the nature of an administrative act, rather than a judicial or prosecutorial act.  (*Id.* ¶¶ 14 – 16.)  Plaintiff's characterization of Defendants' conduct as administrative apparently is an attempt to avoid

---

[1] Plaintiff filed his current complaint electronically.  In the process, several blank pages were produced in Plaintiff's complaint.  However, the pages of Plaintiff's complaint that can be read are all consecutive and reflect that the Court's copy of the complaint is complete.

dismissal based on Defendants' immunity.  Plaintiff's bald assertion that Defendants' conduct involved administrative acts is insufficient to establish a factual basis for an exception to Defendants' immunity.  *See*, *e.g.*, *Schwartz v. Snohomish Cty.*, No. 2:05-cv-00732, 2006 WL 692024, at *4 (W.D. Wash. Mar. 17, 2006).  Plaintiff's claims, therefore, fail for the same reasons his previous actions were dismissed.  (Case 1:14-cv-00505, Order Accepting Report and Recommendation, ECF No. 14, Report and Recommendation at 9 – 10, ECF No. 11; Case 1:15-cv-00406, Order Dismissing Case at 3 – 5, ECF No. 13.) [2]

Even if Plaintiff's allegations were sufficient to avoid dismissal based on Defendants' immunity, as explained below, dismissal is warranted because Plaintiff has failed to state an actionable claim.

## A.      Due Process Claim

The Fifth Amendment prohibits the deprivation of "life, liberty, or property, without due process of law."  U.S. CONST. Amend. V.  Although Plaintiff alleges he wanted Defendants to take disciplinary action against his counsel, his desire for disciplinary proceedings against his counsel does not rise to the level of a liberty interest protected by the Constitution.  *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1568-69 (10th Cir. 1993) ("Substantive due process rights do not encompass a right to compel a state to do something *for* someone not under some form of custody or restraint …. [T]he same is true with respect to a claim that the state ought to do something *to* someone else.") (citations omitted) (emphasis in original); *Saier v. State Bar of Mich.*, 293 F.2d 756, 759 (6th Cir.) (explaining that failure to conduct disciplinary proceeding against attorney does not deprive client of life, liberty, or property, so no process is due the client),

---

[2] As Judge McConnell explained in his order dismissing Plaintiff's complaint in case number 1:15-cv-00406 (ECF No. 13), Defendant LaPlante, Defendant Gunnison, and the members of the New Hampshire Attorney Discipline Office are immune from liability for conduct undertaken in a judicial, prosecutorial, or quasi-judicial / quasi-prosecutorial capacity.

*cert. denied* 368 U.S. 947 (1961).  Because Plaintiff has not alleged facts giving rise to a liberty interest, he has failed to state a due process claim.

**B.     Effective Assistance of Counsel**

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).  To establish a violation of the Sixth Amendment, Plaintiff must "demonstrate that counsel's performance was constitutionally deficient and that the deficient performance prejudiced the defense." *United States v. Nishnianidze*, 342 F.3d 6, 18 (1st Cir. 2003).

Regardless of whether Plaintiff alleged facts to support an ineffective assistance claim, he has alleged no facts which would support a claim against Defendants for his counsel's conduct. Plaintiff's attempt to assert a claim based on the ineffective assistance of counsel thus must fail.

**C.     Equal Protection**

The Due Process Clause of the Fifth Amendment incorporates equal protection principles. *Kandamar v. Gonzales*, 464 F.3d 65, 72 (1st Cir. 2006).  To state an equal protection claim, a plaintiff "must allege that he was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment." *Toledo v. Sanchez*, 454 F.3d 24, 34 (1st Cir. 2006).

Plaintiff in essence contends that Defendants would have taken action against his attorney but for Plaintiff's ethnicity and national origin.  Because Plaintiff's complaint consists of conclusory allegations without any facts to substantiate the allegations, Plaintiff's equal protection claim fails.  *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (in assessing the sufficiency of a complaint, a court disregards "conclusory allegations that merely parrot the relevant legal standard").

**D.      State Law**

In his complaint, Plaintiff asserts:  "Related State causes of action include negligence, discrimination, abuse of process, damage and loss of property."  Plaintiff repeats the conclusory assertions in the recitation of his claims against Defendants.  (Complaint ¶¶ 14 – 16.)  Plaintiff's conclusory allegations are insufficient to state a claim.  *Id*.  Plaintiff has failed to allege any facts that would support his assertion that Defendants owed Plaintiff a statutory or common law duty to take disciplinary action against his counsel.[3]

CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I recommend the Court dismiss Plaintiff's complaint.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of May, 2016.

---

[3] Although the state law claims are not within the Court's original jurisdiction, were Plaintiff to assert them in state court they would likely return to this Court by way of the federal officer removal statute, 28 U.S.C. § 1442.  Therefore, I recommend the Court exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), and dismiss the claims.